BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
LISA FELDMAN (Cal. Bar No. 130019)
Assistant United States Attorney
Cyber and I.P. Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0633
    Facsimile: (213) 894-2927
    E-mail:    lisa.feldman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>          v.<br><br>ALEJANDRO THEODORO ORELLANA,<br><br>    Defendant. | No. 2:25-MJ-03615-DUTY<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |

    Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.    Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

    ☐ a.    present offense committed while defendant was on release pending (felony trial),

    ☐ b.    defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

    ☐ c.    defendant may flee; or

|   |   |   |   |
|---|---|---|---|
| 1 | ☐ | d. | pose a danger to another or the community. |
| 2 | ☒ | 2. | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| 5 | ☒ | a. | the appearance of the defendant as required; |
| 6 | ☒ | b. | safety of any other person and the community. |
| 7 | ☐ | 3. | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| 10 | ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| 13 | ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| 15 | ☐ | 4. | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| 17 | ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| 21 | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| 24 | ☐ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |

|     |   |    |                                                                      |
|----:|---|----|----------------------------------------------------------------------|
| 1   |   |    | 2260, 2421, 2422, 2423 or 2425 (presumption of danger                |
| 2   |   |    | to community and flight risk);                                       |
| 3   | ☐ | d. | defendant currently charged with an offense described                |
| 4   |   |    | in paragraph 5a - 5e below, <u>AND</u> defendant was                 |
| 5   |   |    | previously convicted of an offense described in                      |
| 6   |   |    | paragraph 5a - 5e below (whether Federal or                          |
| 7   |   |    | State/local), <u>AND</u> that previous offense was committed         |
| 8   |   |    | while defendant was on release pending trial, <u>AND</u> the         |
| 9   |   |    | current offense was committed within five years of                   |
| 10  |   |    | conviction or release from prison on the above-                      |
| 11  |   |    | described previous conviction (presumption of danger to              |
| 12  |   |    | community).                                                          |
| 13  | ☐ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f)          |
| 14  |   |    | If the Case Involves:                                                |
| 15  | ☐ | a. | a crime of violence (as defined in 18 U.S.C.                         |
| 16  |   |    | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or                   |
| 17  |   |    | Federal crime of terrorism (as defined in 18 U.S.C.                  |
| 18  |   |    | § 2332b(g)(5)(B)) for which maximum sentence is 10                   |
| 19  |   |    | years' imprisonment or more;                                         |
| 20  | ☐ | b. | an offense for which maximum sentence is life                        |
| 21  |   |    | imprisonment or death;                                               |
| 22  | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is              |
| 23  |   |    | 10 years' imprisonment or more;                                      |
| 24  | ☐ | d. | any felony if defendant has two or more convictions for              |
| 25  |   |    | a crime set forth in a-c above or for an offense under               |
| 26  |   |    | state or local law that would qualify under a, b, or c               |
| 27  |   |    |                                                                      |
| 28  |   |    |                                                                      |

|   |   |   |   |
|---|---|---|---|
| | | | if federal jurisdiction were present, or a combination or such offenses; |
| | ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| | ☒ | f. | serious risk defendant will flee; |
| | ☐ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| ☐ | 6. | | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

_____

_____

///

///

///

☐ 7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: June 12, 2025           Respectfully submitted,

                               BILAL A. ESSAYLI
                               United States Attorney

                               DAVID T. RYAN
                               Assistant United States Attorney
                               Chief, National Security Division


                                 /s/ Lisa Feldman
                               _____
                               LISA FELDMAN
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA